STATE OF LOUISIANA

VERSUS

JONATHON BROWN

NO. 24-KH-539

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

December 10, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** JONATHON BROWN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE R. CHRISTOPHER COX, III, DIVISION "B", NUMBER 19-6214

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**WRIT DENIED**

In this *pro se* writ application, relator, Jonathan Brown, seeks this Court's supervisory review of the trial court's October 11, 2024 ruling which denied his supplemental application for post-conviction relief ("APCR"). For the following reasons, we find no merit to relator's arguments, and thus deny the writ application.

### FACTS AND PROCEDURAL BACKGROUND

On August 25, 2022, a jury found relator guilty of attempted second degree murder (count one), possession of a firearm by a convicted felon (count two), and obstruction of justice (count three). On September 23, 2022, the trial court sentenced relator to fifty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on count one; twenty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on count two; and forty years imprisonment at hard labor on count

three. The trial court ordered all of the sentences to run concurrently with each other. On October 21, 2022, the trial court adjudicated relator a third-felony offender, vacated the original sentence on count one, and sentenced relator to seventy years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The trial court also ordered relator's sentence to run concurrently with his sentences on counts two and three. On June 21, 2023, this Court affirmed relator's convictions, the habitual offender adjudication, and his sentences on counts one and two, but vacated his sentence on count three and remanded for resentencing. *State v. Brown*, 22-562 (La. App. 5 Cir. 6/21/23), 368 So.3d 218. Relator did not file a writ application with the Louisiana Supreme Court.

On July 12, 2024, relator filed his APCR with the trial court, asserting the following claims: (1) the State elicited false testimony from its witness, Bairn Hartman, in violation of *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); (2) the State committed prosecutorial misconduct by providing Mr. Hartman with a plea agreement containing an illegally lenient sentence in exchange for his testimony; and (3) ineffective assistance of counsel. On September 16, 2024, the State filed its response, asserting that relator's claims of a *Napue* violation and prosecutorial misconduct were procedurally barred under La. C.Cr.P. art. 930.4(B) and (C), and nevertheless, the claims would fail on the merits. In addition, the State maintained that relator's claims of counsel's ineffectiveness were without merit.

On September 24, 2024, the trial court denied relief, first finding that relator's claims of a *Napue* violation and prosecutorial misconduct were procedurally barred under La. C.Cr.P. art. 930.4(B) and (C). The trial court further found that relator's "vague and unsupported" allegations of counsel's ineffectiveness failed to meet his post-conviction burden of proof under La.

C.Cr.P. art. 930.2. On November 6, 2024, relator filed a writ application with this Court, seeking supervisory review of the trial court's September 24, 2024 ruling. *See* 24-KH-523.

According to relator, after he received a copy of the State's response, but before he received a copy of the trial court's September 24, 2024 ruling denying his APCR, he filed a supplemental APCR in the trial court, requesting that the trial court provide him the opportunity to state his reasons for his failure to raise his claims of a *Napue* violation and prosecutorial misconduct at an earlier stage, citing the prior version of La. C.Cr.P. art. 930.4(F), in effect at the time he filed his APCR. On October 11, 2024, the trial court denied relator's supplemental APCR, finding that "[t]he statutory article does not support the petitioner's request." In doing so, the trial court, citing *State ex rel. Rice v. State*, 99-496 (La. 11/12/99), 749 So.2d 650, found that relator's use of the Uniform Application for Post-Conviction Relief form satisfied the requirements of the prior version of La. C.Cr.P. art. 930.4(F) and that relator failed to explain his reasons for not previously raising the claims. As such, the trial court concluded that supplementation was unnecessary.

### ANALYSIS

First, upon review, we find relator's writ application is procedurally deficient. Relator did not file a notice of intent with the trial court and did not provide documentation of a return date with his writ application as required by Uniform Rules–Courts of Appeal, Rules 4-2 and 4-3.

In any event, in the instant application, relator contends that the trial court erred in finding that he had failed to explain his reasons for not previously raising his claims of a *Napue* violation and prosecutorial misconduct. He asserts that in his Uniform Application for Post-Conviction Relief form, he explained that he "failed to raise this claim in the trial court prior to conviction or on appeal because

of ineffective assistance of counsel." Thus, relator asserts he is entitled to an order from this Court remanding his case to the trial court for its consideration on the merits of his claims of a *Napue* violation and prosecutorial misconduct.

While the trial court never ordered relator to state his reasons for failing to urge his *Napue* and prosecutorial misconduct claims in a prior proceeding or on appeal pursuant to La. C.Cr.P. art. 930.4(F), we find, as the trial court found, that relator's use of the Uniform Application for Post-Conviction Relief form provided relator with an opportunity to state his reasons, and therefore, the trial court did not err in failing to order relator to state his reasons for his failure to previously raise the claims. *See State ex rel. Rice v. State*, 99-496 (La. 11/12/99), 749 So.2d 650. Additionally, under the prior version of La. C.Cr.P. art. 930.4(F), the trial court "shall consider the merits of the claim," only when "the court finds that the failure was excusable." In relator's case, there has been no such finding by the trial court. Finally, the trial court considered relator's *Napue* and prosecutorial misconduct claims in the context of relator's ineffective assistance of counsel claims and found that relator "did not suffer legal prejudice from that representation." As such, we find, on the showing made, that relator's request for a remand under the prior version of La. C.Cr.P. art. 930.4(F) is unwarranted, and the trial court did not err in denying his supplemental APCR.

## CONCLUSION

Accordingly, this writ application is denied.

Gretna, Louisiana, this 10th day of December, 2024.

**JGG**
**SMC**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY __12/10/2024__ TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-KH-539**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
R. Christopher Cox, III (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Jonathon Brown #617898 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426